UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. SCALIA, A. FRITZ,<br>B. HACKWORTH, J. CAMPOS,<br>A. ARANDA, and DOES 1-4,<br><br>        Defendants. | Case No. 1:18-cv-00061-JDP<br><br>SCREENING ORDER<br><br>(Doc. Nos. 1, 3)<br><br>FINDINGS AND RECOMMENDATIONS ON SCREENING<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CASE CAPTION |

Plaintiff Carl Johnson is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. The undersigned has screened plaintiff's complaint under 28 U.S.C. § 1915A and finds that plaintiff has stated two sets of cognizable claims under the Eighth Amendment:

1. claims against defendants J. Scalia, A. Fritz, B. Hackworth, A. Aranda, J. Campos, and two Doe defendants for unsanitary conditions that resulted in plaintiff's severe abdominal pain that lasted for weeks; and

2. claims against two nurse Doe defendants for delaying medical treatment for plaintiff's abdominal pain.

The undersigned recommends that the court dismiss plaintiff's remaining claims without prejudice and allow him the opportunity to amend the complaint.

1

## I. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. COMPLAINT

The undersigned draws the following facts from plaintiff's verified complaint (Doc. No. 1) and its exhibits (Doc. No. 3) and accepts them as true for purposes of screening. Plaintiff is incarcerated at California State Prison, Corcoran ("COR"). Defendants J. Scalia, B. Hackworth, A. Fritz, J. Campos, and A. Aranda are correctional officers at COR. The Doe defendants 1 through 4 are COR employees whose names are unknown. Two of the Doe

defendants distributed plaintiff's meals; the other two are nurses.[1]  Plaintiff challenges three aspects of his conditions of confinement at COR: (1) distribution of meals in unsanitary conditions that resulted in plaintiff's severe abdominal pain; (2) delay of medical treatment for his abdominal pain caused by the unsanitary conditions; and (3) cold meals.

**A. Distributing inmate meals in unsanitary conditions**

Plaintiff alleges that defendants Scalia, Fritz, Hackworth, and two Doe defendants distributed inmates' meals in unsanitary conditions from July to August 2016.  (Doc. No. 1, ¶¶ 16-21, 28-32.)  According to plaintiff, these defendants distributed inmates' meals near laundry that had been soiled, soaked with urine or sewage water, or allowed to contact rodents.  (*Id*. ¶ 16.)  The same defendants allegedly distributed meals wearing unsanitary gloves and without hair nets.  (*Id*. ¶¶ 17, 21.)  After inmates finished eating, the defendants allegedly gathered the plastic racks from which they served inmates' meals into a pile by kicking or dragging the plastic racks across the floor.  (*Id*. ¶¶ 18-19.)  Plaintiff alleges that the floor was contaminated with dirt, dust, and puddles of sewage water from leaking pipes.  (*Id*. ¶ 19.)  According to plaintiff, defendants "never once put[] the plastic racks through any type of safe cleaning and sanitiz[ing] process."  (*Id*.)

When plaintiff complained to defendants, they allegedly refused to address the unsanitary conditions.  (*Id*. ¶ 24; *see also id*. ¶¶ 25, 27.)  Defendant Scalia is alleged to have responded to plaintiff's complaints by stating:

> This [is] our daily routine[.]  We're not going to stop what we do just because you came here[,] and you do have a choice not to eat.  This is prison[,] not the Holiday Inn.

(*Id*. ¶ 24.)  Defendant Campos, who was the unit officer in charge of the floor where plaintiff's meals were distributed, allegedly allowed the unsanitary conditions to continue.  Defendant Aranda, a sergeant, allegedly responded to complaints about the food by stating, "I will speak with my staff about this issue"—but the unsanitary practices allegedly continued after this

---

[1] Plaintiff alleges that there are four Doe defendants (Doc. No. 1, ¶ 11), but at times he appears to suggest that there are only three (*see id*. ¶¶ 39-41).  At this stage, the court will accept plaintiff's allegation that there are four Doe defendants.

statement. (*Id*. ¶ 30; *see also id*. ¶¶ 28-32.) On August 10, 2016, plaintiff allegedly began experiencing severe abdominal pain and nausea. (*Id*. ¶ 33.)

**B. Failure to provide medical treatment**

When plaintiff became ill on August 10, 2016, he yelled from his cell door in an attempt to contact one of the six defendants responsible for unsanitary conditions—defendants Scalia, Fritz, Hackworth, Campos, and two Doe defendants—but none responded. (*Id*. ¶ 34.) Plaintiff alleges:

> As Plaintiff attempted to inform one of the Defendants about physical illness as well as seek Medical attention, leaving Plaintiff to suffer in pain while the Defendants just walked fast past the Plaintiff's Cell Door and ignored Plaintiff or either sat downstairs at the Table an[d] watched T.V., or Text[ed] on their personal Cell Phones, etc.

(*Id*.) The undersigned understands that plaintiff is alleging that at least one or more of the six defendants walked past plaintiff's cell and ignored his requests for assistance.

Plaintiff alleges that he informed two nurses—the other two Doe defendants—about his medical condition. The first nurse allegedly told him to submit a health-care request form to see a registered nurse. Plaintiff submitted such a form to another nurse and informed that nurse of his symptoms; the second nurse told plaintiff that he would be "scheduled to [be] called in[,] leaving Plaintiff to suffer in Pain." (*Id*. ¶ 36.)

Plaintiff alleges that he received no medical treatment for his severe abdominal pain for the remainder of his confinement at COR, which lasted 15 days—from August 10 through August 25, 2016. He claims that he received medical treatment only when he was transferred to a new facility, the Mule Creek State Prison.

**C. Cold food**

Plaintiff alleges that he received cold food. (*Id.* ¶ 15.) Plaintiff alleges that defendants Scalia, Fritz, Hackworth, and the two Doe defendants who distributed plaintiff's meals failed to keep his meals above 135 degrees Fahrenheit as required under California Health and Safety Code Section 113996(a). That regulation provides:

> Except during preparation, cooking, cooling, transportation to or from a retail food facility for a period of less than 30 minutes, or when time is used as the public health control as specified under Section 114000, or as otherwise provided in this section, *potentially hazardous food* shall be maintained at or above 135°F, or at or below 41°F.

Cal. Health & Safety Code § 113996(a) (emphasis added). Plaintiff alleges that the five defendants failed to plug a food cart's electric cord to a power outlet to keep his meals above 135 degrees Fahrenheit. (Doc. No. 1, ¶ 15.) He does not allege that his meals included any potentially hazardous food.

**III. DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).

Here, all defendants are state prison employees who—accepting plaintiff's allegations as true—can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). Likewise, plaintiff plausibly alleges that each defendant personally participated in the alleged deprivations. He alleges that defendants Scalia, Fritz, Hackworth, Campos, and two Doe defendants personally distributed his meals or ignored his requests for medical attention, and that the other two Doe defendants—the nurses—personally

5

participated in causing a delay of medical treatment. He alleges that defendant Aranda, a sergeant who learned about the unsanitary conditions and agreed to look into plaintiff's claims, did not correct the conditions. The allegations support the inference that defendant Aranda turned a blind eye to the alleged wrongdoing; given Aranda's position as a supervisor, his alleged disregard of the unsanitary conditions satisfies the personal participation requirement. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018) (reasoning that supervisor's knowledge of and refusal to terminate acts by subordinates satisfy personal participation requirement). The remaining question is whether defendants' alleged actions violated federal law.

**A. Unsanitary conditions**

Inhumane conditions of confinement can violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Inhumane conditions can take many forms, and the deprivation of "minimal civilized measure of life's necessities" such as adequate food, clothing, shelter, medical care, or safety can violate the Eighth Amendment. *Id*. at 834; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The deliberate-indifference standard of *Farmer v. Brennan*, 511 U.S. 825 (1994), applies to claims under the Eighth Amendment challenging prison conditions. *See Anderson v. Cty. of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995). Under this standard, a defendant violates the Eighth Amendment when two requirements are satisfied: (1) the alleged deprivation is objectively serious; and (2) the defendant is deliberately indifferent to the deprivation. *See Farmer*, 511 U.S. 825, 834 (1994).

As for the first requirement, the deprivation at issue must pose a "substantial risk of serious harm" to be considered objectively serious. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016) (citations omitted). Unsanitary conditions that are severe or prolonged can "[u]nquestionably" violate the Eighth Amendment. *Anderson*, 45 F.3d at 1314 (reasoning that unsanitary conditions that lasted for months support an Eighth Amendment claim).

Plaintiff plausibly alleges an objectively serious deprivation. According to plaintiff, prison staff at COR served inmates meals from plastic racks that had been kicked across an unsanitary floor, and defendants "never once put[] the plastic racks through any type of safe

6

cleaning and sanitiz[ing] process." (Doc. No. ¶ 19.) As a result of consuming food served in unsanitary conditions, plaintiff alleges that he became ill and suffered severe abdominal pain that required medical attention. (*Id.* ¶¶ 34-38.) Defendant Scalia allegedly stated that handling inmates' meals in an unsanitary manner was the "daily routine." (*Id.* ¶ 24.) These allegations suggest severe and prolonged unsanitary conditions.

The second requirement, deliberate indifference, is subjective. Deliberate indifference requires that a defendant know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. The defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and the defendant must actually draw that inference. *Id.*; *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016).

Here, the allegations support the inference that defendants Scalia, Fritz, Hackworth, Aranda, and two Doe defendants were deliberately indifferent to unsanitary conditions: Defendants Scalia, Fritz, Hackworth, and the two Doe defendants personally distributed inmate meals. Defendants Campos and Aranda, who had management authority, allegedly knew of the unsanitary conditions but allowed the conditions to go uncorrected. The undersigned finds that plaintiff has stated Eighth Amendment claims against defendants Scalia, Fritz, Hackworth, Aranda, and two Doe defendants for unsanitary conditions that resulted in plaintiff's severe abdominal pain.

**B. Failure to provide medical treatment**

The deliberate-indifference standard also applies to plaintiff's claims against two Doe defendant nurses for delaying medical treatment for his abdominal pain. The Eighth Amendment prohibits prison medical staff from being deliberately indifferent to a prisoner's objectively serious medical needs. *See Mendiola-Martinez*, 836 F.3d 1239, 1248 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A medical need is objectively serious when the failure to treat it could result in "significant injury" or the "unnecessary and wanton infliction of pain." *Id.*

Deliberate indifference in the medical treatment context requires a plaintiff to establish that a defendant subjectively knew about a serious medical need and failed to respond adequately to that medical need. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). The denial of

medical treatment must be "'medically unacceptable under the circumstances,' and made 'in conscious disregard of an excessive risk to [the inmate]'s health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996)). Complete denial, delay, or intentional interference with medical treatment can establish deliberate indifference. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). Denial of medical treatment based solely administrative policy can constitute deliberate indifference if the circumstances required prompter medical treatment. *See id.* at 1068.

Here, plaintiff states Eighth Amendment claims against the two nurses. Plaintiff plausibly alleges that he had an objectively serious medical need: his severe abdominal pain allegedly resulted in unnecessary pain because of the delay of medical treatment. His allegations, construed liberally, support the inference that the two nurses were deliberately indifferent to his severe pain. Plaintiff informed the first nurse that he had severe abdominal pain, but the nurse did nothing to assist him other than asking him to submit a form to a registered nurse. Plaintiff complained about his severe pain to the second nurse, but that nurse, too, did nothing to assist him other than telling him that he would be scheduled to be called in, "leaving Plaintiff to suffer in Pain." (*Id.* ¶ 36.) Plaintiff allegedly waited weeks before he received medical treatment, and then only received treatment after he was transferred to a new institution. Plaintiff's allegations are sufficient to advance beyond screening.

Plaintiff fails to state a deliberate indifference claim for denial of medical treatment against the prison staff members who distributed his meals. Plaintiff alleges that he yelled out of his cell door to contact one of the six defendants responsible for the unsanitary handling of his meals, but none came to his cell. Plaintiff also alleges that at least one defendant walked quickly past his cell, ignoring his condition. Plaintiff does not, however, allege that the defendants heard his yells or otherwise knew about his condition. Without the allegation that he informed these defendants of his pain, he has not stated a deliberate indifference claim. Plaintiff may amend the complaint, but the current complaint does not state claims against defendants Scalia, Fritz, Hackworth, and the two Doe defendants who distributed his meals for deprivation of medical treatment.

8

### C. Cold food

Plaintiff may not proceed on his claims that he was served cold meals. He contends that his cold meals violated the Eighth Amendment because the five defendants who distributed his meals failed to plug the electrical cord of a food cart to a power outlet to keep his meals above 135 degrees Fahrenheit. (Doc. No. ¶ 15.) California Health and Safety Code Section 113996(a) requires food retailers to keep "potentially hazardous food" above that temperature. Plaintiff, however, does not allege that the food at issue was potentially hazardous within the meaning of Section 113996(a) or that consuming cold food made him sick. The undersigned will recommend that the court dismiss without prejudice plaintiff's claims based on being served food below 135 degrees Fahrenheit.

### D. Proceeding against Doe defendants

At this stage, plaintiff's failure to identify by name the Doe defendants does not warrant dismissal of his claims against them. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The undersigned will recommend that the court allow plaintiff the opportunity to identify the Doe defendants' real names through discovery. Plaintiff should note that the Doe defendants need not defend this case before they are served, and that plaintiff will need to provide the real names of the Doe defendants to the U.S. Marshal so that the Marshal can effect service. At a later date, the court will issue a scheduling order that sets a deadline for amending the complaint; plaintiff must identify the real names of the Doe defendants by that deadline, and failure to do so may result in the dismissal of his claims against them.

## IV. CONCLUSION AND RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. Thus, the undersigned submits these findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l).

The undersigned has screened plaintiff's complaint and finds that plaintiff states the following two sets of claims under the Eighth Amendment:

1. claims against defendants J. Scalia, A. Fritz, B. Hackworth, A. Aranda, J. Campos, and two Doe defendants for unsanitary conditions that resulted in plaintiff's severe abdominal pain that lasted for weeks; and

2. claims against two nurse Doe defendants for delaying medical treatment for plaintiff's abdominal pain.

The undersigned recommends that the court allow plaintiff to proceed on these claims and dismiss without prejudice all other claims, namely plaintiff's claims against Scalia, Fritz, Hackworth, and two Doe defendants for deprivation of medical treatment and any claim for failure to maintain plaintiff's meals above 135 degrees Fahrenheit.

Within twenty-one (21) days of service of these findings and recommendations, plaintiff may file written objections with the court. Any such objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**V.    ORDER**

The clerk of the court is directed to assign this case to a United States District Judge for review of these findings and recommendations. The clerk of the court is directed to amend the case caption to add four (4) Doe defendants.

IT IS SO ORDERED.

Dated:    July 10, 2018

UNITED STATES MAGISTRATE JUDGE