UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. SCALIA, A. FRITZ,<br>B. HACKWORTH, J. CAMPOS,<br>A. ARANDA, and DOES 1-4,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00061-DAD-JDP<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 25<br><br>ORDER DENYING MOTION TO COMPEL DISCOVERY<br><br>ECF No. 26<br><br>ORDER DIRECTING RESPONSE TO SETTLEMENT REQUEST<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to appoint counsel, ECF No. 25, to compel discovery, ECF No. 26, and to refer the case for settlement, ECF No. 28. We address each in turn below.

**I.　　Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S.

1

296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, at this early stage in the proceedings, plaintiff has not demonstrated that he is likely to succeed on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.

**II.     Discovery Dispute**

On March 28, 2019, plaintiff moved to compel certain discovery, alleging that defendants had not produced documents or responded to requests for admissions that plaintiff served on January 17, 2019. *See* ECF No. 26. On April 24, 2019, defendants responded that such discovery had been produced. *See* ECF No. 27. Plaintiff did not reply. Thus, plaintiff's motion is denied as moot. Should further discovery disputes arise, the parties must attempt to resolve them informally before filing motions with the court. *See* Local Rule 251.

**III.    Settlement**

Plaintiff moves the court for a settlement conference. ECF No. 28. Defendants have not responded to this motion. The parties should discuss whether settlement in this case may be feasible. After such discussion, defendants are to respond to plaintiff's motion and indicate whether they believe a settlement conference could be productive. Defendants' response to plaintiff's motion is due in thirty days.

**IV. Order**

Accordingly,

1. Plaintiff's motion to appoint counsel is denied without prejudice. ECF No. 25.
2. Plaintiff's motion to compel certain discovery is denied as moot. ECF No. 26.
3. Defendants are directed to respond to plaintiff's settlement request, ECF No 28, thirty days from the date of this order.

IT IS SO ORDERED.

Dated: August 6, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204