UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. SCALIA, *et al.*,<br><br>        Defendants. | Case No.  1:18-cv-00061-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 41<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint, which alleges a conditions of confinement claim against defendants J. Scalia, A. Fritz, B. Hackworth, A. Aranda, J. Campos, and two Doe defendants, and a claim of deliberate indifference to plaintiff's serious medical needs against the two Doe defendants. ECF Nos. 1, 17.

Defendants have moved for summary judgment on the conditions of confinement claim, seek dismissal of Doe defendants and the medical deliberate indifference claim, and ask for qualified immunity. ECF No. 41. The motion was submitted on the record without oral argument under Local Rule 230(*l*).[1] Plaintiff has not responded in opposition to defendants' motion and the

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion via an attachment to defendant's motion for summary judgment. ECF No. 41-2.

1

time to do so has expired.  Defendants' motion for summary judgment is now before the court, and we recommend granting it.

**Preliminary Issues**

As an initial matter, defendants rely upon the declaration of B. Folks, ECF No. 41-6, to describe how food was prepared and distributed to inmates during the relevant time.  However, this declaration is not signed and thus is not currently in admissible form.  Although it is possible that it could be presented in admissible form, *see* Fed. R. Civ. P. 56(c)(2), the court will not rely on it for purposes of this motion.  Much of the same information is available from other sources, thus the court need not rely on this declaration.

Plaintiff has not amended his complaint to name the Doe defendants, and the deadline to do so has passed.  *See* ECF No. 24.  Defendants argue that claims against the Doe defendants should be dismissed on that basis.  *See* ECF No. 41-1 at 11-12.  Plaintiff has had the opportunity to conduct discovery, and defendants have provided him with staffing information for Corcoran.  *See id.*  As plaintiff has not sought to amend his complaint or otherwise to pursue claims against Doe defendants at this late stage, they should be dismissed from this case.  *See Brass v. Cty. of Los Angeles*, 328 F.3d 1192, 1198 (9th Cir. 2003) (upholding the district court's refusal to allow plaintiff to substitute four individuals for four Doe defendants when plaintiff did not seek leave to amend the complaint or file an amended complaint).  Thus, plaintiff's medical deliberate indifference claim need not be considered on summary judgment.  Only the unsanitary conditions claim against named defendants need be analyzed.

**Statement of Facts**

Plaintiff arrived at California State Prison, Corcoran on July 8, 2016, and transferred to Mule Creek State Prison on August 25, 2016.  *See* ECF No. 41-4.  During the relevant time, defendants were employees at Corcoran.  *See* ECF No. 1.  Plaintiff was housed in the administrative segregation unit at Corcoran, which is part of the 3A housing unit.  *Id.*

The kitchen in unit 3A was being repaired and renovated during plaintiff's stay.  At the time, food for unit 3A was prepared in the main kitchen and transported to unit 3A in carts.  Defendants claim that the food was placed in steam trays to keep it at safe temperatures for

2

serving. Plaintiff claims that he could see the food preparation area and that the food was not kept hot because the heating unit for the food was never plugged into the wall. ECF No. 1 at 4. Food was dished onto trays that were placed in bread racks used for distributing food to the cells. Plaintiff claims that these bread racks were exposed to unsanitary conditions. ECF No. 1. Defendants claim that per protocol all racks and food service items were cleaned before each use.

Prison nursing records show that plaintiff ate his meals every day. ECF No. 41-8. Plaintiff claims that within an hour of consuming his morning meal on August 10, 2016, he became ill. ECF No. 1 at 12. Plaintiff alleges that he was not seen by medical staff and that he continued to feel sick during his entire stay at Corcoran. ECF No. 1 at 13.

Medical records show that plaintiff was seen almost daily by mental health care clinicians and there is no mention in his medical records of plaintiff ever expressing concern about food contamination. ECF No. 41-8. Plaintiff's medical records do not suggest food poisoning symptoms, and he was not diagnosed with food poisoning. *Id.* Plaintiff did not submit a request for medical attention regarding a stomach ailment during his stay at Corcoran. *Id.* at 4.

Plaintiff's medical intake records from Mule Creek show that his vital signs were normal and that plaintiff did not have any medical complaints upon arrival. Plaintiff submitted a grievance on September 9, 2016, complaining of stomach pains. He was seen by a nurse and Mule Creek, who gave him medicine for diarrhea.

In the medical opinion of Dr. Feinstein, who reviewed plaintiff's medical records, his alleged symptoms are inconsistent with the natural progression of food poisoning because those symptoms typically begin within 4 to 24 hours after eating contaminated food and resolve within a few days. ECF No. 41-9 at 5, ¶¶18-20.

**Standard of Review**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable trier of fact could find in favor of either party at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The disputed fact is material if it "might affect the outcome of the suit under the governing law." *See id.* at 248.

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in his pleading, *Anderson*, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

In making a summary judgment determination, the court "may not engage in credibility determinations or the weighing of evidence," *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted), and it must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

**Analysis**

Plaintiff alleged two sets of claims under the Eighth Amendment that survived screening: First, claims against defendants J. Scalia, A. Fritz, B. Hackworth, A. Aranda, J. Campos, and two Doe defendants for unsanitary conditions that resulted in plaintiff's severe abdominal pain that lasted for weeks; and second, against two nurse Doe defendants for delaying medical treatment for plaintiff's abdominal pain. As discussed above, the Doe defendants should be dismissed from this case. Thus, our analysis focuses on the unsanitary conditions claim against named defendants.

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). The Eighth Amendment of the United States Constitution protects prisoners against a prison official's "deliberate indifference" to "a substantial risk of serious harm." *Farmer*, 511 U.S. at 828 (1994). "Deliberate indifference" has both an objective and subjective component: there must be an objective risk to inmate safety, and the official in question must also "draw the inference" that the risk exists and disregard it. *Id*. at 837; *see also Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (describing subjective and objective components).

Inhumane conditions of confinement can violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Inhumane conditions can take many forms, and the deprivation of "minimal civilized measure of life's necessities" such as adequate food, clothing, shelter, medical care, or safety can violate the Eighth Amendment. *Id*. at 834; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Unsanitary conditions that are severe or prolonged can "[u]nquestionably" violate the Eighth Amendment. *Anderson*, 45 F.3d at 1314 (reasoning that unsanitary conditions that lasted for months support an Eighth Amendment claim).

Plaintiff's claims are subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which bars inmates from recovering monetary damages without a showing of injury. *Crawford-el v. Britton*, 523 U.S. 574, 596 (1998).

In this case, defendants have made an evidentiary showing that they did not cause plaintiff's stomach pain. There is no genuine dispute over the medical expert declaration and medical records showing that plaintiff could not have suffered the alleged symptoms from food served in unsanitary conditions. Put another way, under the burden-shifting framework in Rule 56, defendants have shown that they did not cause plaintiff's alleged stomach pain, and plaintiff has failed to rebut that showing. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Since plaintiff's claims against named defendants all rest upon that causal link, they must be dismissed. The actions of defendants could not have caused the harm that plaintiff alleged. Therefore, defendants should be granted summary judgment as to plaintiff's claim of unsanitary conditions.

**Findings and Recommendations**

For the foregoing reasons, we recommend:

1. that the court grant defendants' motion for summary judgment on plaintiff's claim of unsanitary conditions against all named defendants, ECF No. 37;
2. that the Doe defendants and medical deliberate indifference claim be dismissed;
3. all other pending motions be denied as moot; and
4. that this case be closed with judgment entered in favor of defendants.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 11, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.